UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THURMAN RAY HAIRSTON,               :
                                     :
       Plaintiff,                    :
                                     :
v.                                   :    Civil Action No. 14-0432 (CKK)
                                     :
UNITED STATES OF AMERICA, *et al.*,  :
                                     :
       Defendants.                   :

## MEMORANDUM OPINION

Plaintiff pled guilty to unlawful possession with intent to distribute crack cocaine, and the Court imposed a sentence of 180 months' incarceration. *See* Judgment in a Criminal Case, *United States v. Hairston*, No. 09-cr-0192 (D.D.C. July 1, 2010). In an apparent attempt to effect his release from custody, plaintiff has concocted a fanciful scheme whereby the United States of America and the United States Attorney for the District of Columbia are contractually obligated to "obtain a court order for his release from custody and all conditions of supervised release," or in the alternative, "to provide proof of claim of the court's jurisdiction," Compl. at 3 (page numbers designated by the Court), merely because they had not responded timely to plaintiff's "Notice of Default," *see id.* at 4; *see also id.*, Ex. A (Private Administrative Remedy – Notice of Default dated April 13, 2013). As a result, plaintiff concluded, the criminal judgment against him is void, *see id.* at 4, 12, and defendants waived any objections they may have, *see id.* at 5, 6, to his release or the other conditions to which they allegedly have acquiesced, *see id.* at 6-7, 10.

In addition, plaintiff has challenged the jurisdiction of the sentencing court. According to plaintiff, because the sentencing court "was an administrative tribunal enforcing statutes, not a judicial Article III-type court," it had "jurisdiction only over corporations and other fictional

1

entities." *Id.* at 12. Plaintiff, as a "living, sentient being, not an artificial entity," was not subject to the sentencing court's jurisdiction. *Id.* Furthermore, defendants allegedly "violated trust law by summoning an artificial entity into an administrative court, and then doing a switch wherein [they] prosecuted a living man, sentient being, as if he were in fact, an artificial entity." *Id.* In this way, plaintiff contended, defendants unlawfully incarcerated the true beneficiary – plaintiff himself – of a cestui que vie trust. *Id.* at 12-13; *see id.* at 1-2. For these and other alleged wrongs, *see id.* at 13, in addition to release from custody, plaintiff has demanded "a Civil Assessment . . . in the amount of $2,472,840,000.00." *Id.* at 14.

Insofar as plaintiff challenges the jurisdiction of the sentencing court, his conviction or his sentence, he must proceed by filing a motion in the sentencing court under 28 U.S.C. § 2255. *See Ojo v. INS.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing); *Arrington v. U.S. Dep't of Justice*, No. 12-1532, 2012 WL 5471948, at *1 (D.D.C. Nov. 8, 2012) ("Furthermore, the plaintiff must pursue any correction to his judgment of conviction in the sentencing court . . . ."), *appeal dismissed*, No. 13-5025 (D.C. Cir. May 7, 2013). He may not proceed by means of a civil action demanding a declaratory judgment or injunctive relief. *See Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) ("As to [appellant's] claim for injunctive and declaratory relief, it is well-settled that a prisoner seeking relief from his conviction or sentence may not bring such an action."). Nor can plaintiff collect damages, even if labeled a "Civil Assessment," Compl. at 13, without first showing "that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

2

federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Here, plaintiff has made no such showing.

The complaint fails to state a claim upon which relief can be granted and, accordingly, the Court will dismiss the complaint and this civil action.[1] *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). An Order is issued separately.

DATE:
 _____
 COLLEEN KOLLAR-KOTELLY
 United States District Judge

---

[1] Because plaintiff has paid the filing fee in full, the Court will deny his motion for leave to proceed *in forma pauperis* [ECF No. 2]. His "Remand to a Different Judge," which the Court construes as a motion that this action be assigned to a judge other than the judge who presided over his criminal case, will be denied as moot.

3